IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REBA STRICKLAND,

        Plaintiff,

v.

CITY OF PORTLAND POLICE,
ALL OFFICERS NAME UNKNOWN,
and NEIGHBORHOOD OFFICER
WAYNE ALDERMAN,

        Defendants.

Civil No. 05-1498-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff brings this civil action *pro se*. Pursuant to an order entered by the Court on November 9, 2005, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff's Complaint in this action consists of a narrative, two-page statement. Plaintiff alleges her son, a minor, was on supervised release pending a juvenile proceeding. As a condition of that supervision, he was subject to a 9:00 p.m. curfew. During the term of his supervision, an officer would contact Plaintiff's son either by telephone or in person at least once a day. On November 1, 2003, however, no one called or contacted Plaintiff's son.

That night, Plaintiff's son left his house at 10:00 p.m. to attend a party. At that party, police officers were called to the scene, and spoke with Plaintiff's son three times. Despite Oregon curfew laws, the police did not take Plaintiff's son into custody, and did not contact Plaintiff or other family members, who would have informed the police that Plaintiff's son was violating his supervised release conditions. Later that night, Plaintiff's son was shot and killed.

## STANDARDS

When a person is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

(B)  the action . . .

    (i)  is frivolous or malicious;

2 - ORDER TO DISMISS -

> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a

statement of the complaint's deficiencies.  McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## **DISCUSSION**

Pursuant to Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court."  Pursuant to Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A plaintiff bears the burden to establish subject matter jurisdiction is proper.  Kokkonen, 511 U.S. at 377.  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

Plaintiff's complaint does not contain allegations sufficient to show a proper basis for this Court to assert subject matter

4 - ORDER TO DISMISS -

jurisdiction over this action.  In the absence of such allegations, the complaint must be dismissed.  Because Plaintiff is proceeding *pro se*, the dismissal is without prejudice to Plaintiff's right to file an amended complaint curing this deficiency.  To this end, Plaintiff is advised that in order state a civil rights claim for relief under 42 U.S.C. § 1983, Plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law.  L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED for failure to state a claim.  Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order.  Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this   13th    day of December, 2005.


                            /s/ Anna J. Brown
                            ANNA J. BROWN
                            United States District Judge